IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIA FERNANDA CASTELLANOS RAMIREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LEXIS NEXIS RISK SOLUTIONS,<br><br>Defendant. | Case No. 1:22-cv-05384<br><br>**Joint Status Report** |

Plaintiffs and Defendant by and through their undersigned Counsel, hereby submit this initial Joint Status Report pursuant to this court's local rules.

### I. Nature of the Case

**A.** Attorneys of record for plaintiffs are Sejal Zota, Daniel Werner, Dinesh McCoy, and Daniel Schneider. Sejal Zota is the lead trial attorney and Daniel Schneider is local counsel. Attorneys of record for defendant LexisNexis Risk Solutions (LexisNexis Risk) are Jeffrey Kessler (lead counsel), Jeffrey Amato, Sean Wieber, Thomas McAndrew, and Michelle Tuma.

**B.** The basis for federal jurisdiction is diversity of the parties. Plaintiffs Maria Fernanda Castellanos Ramirez, Rosa Carrasco, and Claudia Marchan Torres as well as members of plaintiff organizations Mijente Support Committee and Organized Communities Against Deportations are domiciled in Illinois, and citizens thereof. Plaintiff Mijente Support Committee is domiciled in Arizona and a citizen of Arizona thereof. Defendant LexisNexis Risk is domiciled in Georgia and a citizen thereof. Complete diversity exists between the Plaintiffs (as citizens of Illinois and Arizona) and Defendant (as a citizen of Georgia).

1

Plaintiffs have attested that none of the Plaintiffs are citizens of Georgia.

**C.** *Plaintiffs' Position*: This action challenges LexisNexis Risk's collection, aggregation and sale of Plaintiffs' data without consent or compensation. Plaintiffs bring claims under the Illinois' Consumer Fraud and Deceptive Business Practices Act (ICFA), which restricts unfair business practices that offend public policy, including the non-consensual collection and sale of consumer data. In addition, Plaintiffs bring claims under Illinois common law for intrusion upon seclusion and unjust enrichment, resulting from the capture and use of Plaintiffs' personal information, including non-public information, without consent and compensation.

*Defendant's Position*: Plaintiffs assert causes of action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), unjust enrichment, and intrusion upon seclusion arising out of the Accurint products, which are offered by LexisNexis Risk's affiliate. Plaintiffs specifically challenge the collection and dissemination of publicly available records and commercially available information. Plaintiffs also seek declaratory relief for each cause of action. Defendant filed a motion to dismiss arguing that Plaintiffs have failed to state a claim under which relief may be granted for all causes of action (Dkt. 12, 13). Defendant argues that Plaintiffs cannot state a claim under the ICFA because Plaintiffs are not consumers of LexisNexis Risk, have not alleged any deceptive or unfair business practices by LexisNexis Risk, and have not demonstrated any actual damages flowing from LexisNexis Risk. Defendant challenges Plaintiffs' unjust enrichment claim because unjust enrichment is not a standalone cause of action, there is no direct transactional link between LexisNexis Risk and the Plaintiffs, Plaintiffs were not entitled to any benefit from any third-party, and LexisNexis Risk never engaged in wrongful conduct, such as statutory violations, with respect to the Plaintiffs. Defendant also argues that Plaintiffs

cannot maintain an intrusion upon seclusion claim because the information at issue is not subject to a right of privacy, Plaintiffs do not allege any offensive prying into their physical boundaries, and LexisNexis Risk has complied with all applicable laws in creating its products.

**D.** Plaintiffs Maria Fernanda Castellanos Ramirez, Rosa Carrasco and Claudia Marchan Torres seek damages, injunctive relief, and declaratory relief. Plaintiffs Mijente Support Committee and Organized Communities Against Deportations only for the purposes of securing declaratory and injunctive relief.

**E.** *Plaintiffs' Position*: Key issues in the case include whether Defendant LexisNexis Risk's business practices are unfair because these practices upend Illinois privacy laws; whether Defendant's collection, storage, and aggregation of Plaintiffs' personal data with notice or consent for commercial purposes qualifies as an intrusion; and whether Defendant was unjustly enriched and conferred a benefit that should have been conferred to Plaintiffs as a result of Defendant's collection and sale of Plaintiffs' information.

*Defendant's Position*: Defendant anticipates the major legal and factual issues will relate to whether Plaintiffs desired relief is available to them as a matter of law under the causes of action they have pled, whether any third parties actually used Plaintiffs' Accurint reports, whether LexisNexis Risk lawfully collected and distributed all relevant information, whether Plaintiffs suffered any actual damages, and whether Plaintiffs provided their information to LexisNexis Risk's information sources or are a matter of public record.

**F.** *Plaintiffs' Position*: LexisNexis notes that its full and complete name is "LexisNexis Risk Solutions, Inc." Plaintiffs request leave to amend their complaint to reflect this should the Court determine it is necessary.

*Defendant's Position:* LexisNexis Risk is the sole Defendant and has not been served

because the named entity does not exist. The company known as LexisNexis Risk Solutions, Inc. was served with the Complaint, but is not named as a defendant in this matter.

## II. Discovery and Pending Motions

**A.** Plaintiffs will seek discovery to better understand LexisNexis Risk's knowing collection and sale of Plaintiffs' sensitive personal information without consent, including information about how their personal information is obtained, from where, who it is provided to, and its monetary value to Defendant. Plaintiffs will also seek discovery about the extent of LexisNexis Risk's relationship with federal immigration enforcement authorities.

**B.** *Both Parties' Position*:

1) The parties agree that initial disclosures should be exchanged 14 days following the completion of briefing of the motion to dismiss—December 13, 2022.

*Plaintiffs' Position*: Key discovery dates are the following:

2) Plaintiffs propose that the first set of written discovery requests be issued by January 17, 2023 in order to avoid undue delay. Given the ongoing harms to the Plaintiffs from LexisNexis Risk's consistent collection of Plaintiffs' data and that the limited threshold circumstances that typically warrant stays of discovery are not present here, limited discovery is warranted. *See Scott v. Jeffreys*, No. 21 C 3334, 2021 WL 8545420, at *2 (N.D. Ill. 2021). To limit the burden of discovery, Plaintiffs propose to move forward with written discovery while postponing oral discovery and electronic communications searches until after this Court's decision on Defendant's motion to dismiss. *See id.*

3) The parties will endeavor to complete fact discovery by October 2023.

*Defendant's Position*: Discovery should be stayed pending the Court's decision on the motion to dismiss. Defendant timely filed a motion to dismiss that will be fully

4

briefed by the end of this month. This motion raises significant threshold issues that go to the very core of Plaintiffs' theory in this case. Defendant did not seek an extension of its time to file the motion to dismiss, and instead, filed just seven days after removing this matter to federal court. As such, this brief stay in discovery will not prejudice the Plaintiffs. Instead, it will provide the court and the parties with needed clarity about which, if any, claims are allowed to proceed. Entering a stay here, where Defendant has expeditiously filed a motion which would dismiss *all* claims and *all* parties would not prejudice Plaintiffs, would streamline the issues needed to be resolved by this Court, and reduce the overall burden on all parties and the court. *Rodriguez v. Ford Motor Co.,* 2022 U.S. Dist. LEXIS 59923 (N.D. Ill. Mar. 31, 2022). Defendants propose the following briefing schedule on Defendant's motion to stay: Opening Brief: December 7, 2022, Response Brief: December 21, 2022, Reply Brief: January 6, 2023

C. The Parties anticipate that there will be expert discovery.

D. The only current pending motion before the court is Defendant's motion to dismiss.

E. The Parties agree to services of pleadings and other papers by electronic means.

## III. Trial

A. Plaintiffs made a jury demand in their complaint.

B. Parties anticipate being ready for trial by Spring 2024.

C. Parties anticipate trial will take approximately 1-2 weeks.

## IV. Consent and Settlement Discussions

A. The parties do not consent to moving forward with a magistrate judge.

B. The parties have not engaged in any settlement discussions at this time.

C. The parties do not request a settlement conference at this time.

Dated: November 14, 2022 Respectfully submitted,

/s/ Dinesh McCoy
Dinesh McCoy*
dinesh@justfutureslaw.org
Daniel Werner*
daniel@justfutureslaw.org
Sejal R. Zota*
sejal@justfutureslaw.org
JUST FUTURES LAW
95 Washington Street, Suite 104-149
Canton, MA 02021
(617) 812-2822

Daniel Schneider
dschneider@legalactionchicago.org
LEGAL ACTION CHICAGO
Attorney No. 100037
120 S. LaSalle St., Suite 1000
Chicago, IL 60603
(312) 423-5941
*Admitted pro hac vice

/s/ Jeffrey L. Kessler
Jeffrey L. Kessler*
Jeffrey J. Amato*
Michelle D. Tuma*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
JKessler@winston.com
JAmato@winston.com
MTuma@winston.com

*Admitted *Pro Hac Vice*

Sean G. Wieber
Thomas F. McAndrew
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

SWieber@winston.com
TMcAndrew@winston.com

*Attorneys for LexisNexis Risk Solutions*