IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA FERNANDA CASTELLANOS RAMIREZ, ROSA CARRASCO, CLAUDIA MARCHAN TORRES, MIJENTE SUPPORT COMMITTEE, ORGANIZED COMMUNITIES AGAINST DEPORTATIONS, <br><br> Plaintiffs, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS, <br><br> Defendant. | Case No. 22-cv-05384 |

**JOINT STATUS REPORT**

Plaintiffs Maria Fernanda Castellanos Ramirez, Rosa Carrasco, Claudia Marchan Torres, Mijente Support Committee, and Organized Communities Against Deportations ("OCAD") (collectively, "Plaintiffs"), and Defendant LexisNexis Risk Solutions ("LexisNexis Risk") file this Joint Initial Status Report regarding how discovery is proceeding, pursuant to this Court's May 17, 2023 Order. ECF No. 41.

**I.  Nature of the Case**

A.  Attorneys of record for plaintiffs are Sejal Zota, Daniel Werner, Dinesh McCoy, Nick Larry, and Daniel Schneider. Sejal Zota is the lead trial attorney and Daniel Schneider is local counsel. Attorneys of record for defendant LexisNexis Risk Solutions (LexisNexis Risk) are Jeffrey Kessler (lead counsel), Jeffrey Amato, Sean Wieber, Thomas McAndrew, and Michelle Tuma.

B.  The basis for federal jurisdiction is diversity of the parties. Plaintiffs Maria Fernanda Castellanos Ramirez, Rosa Carrasco, and Claudia Marchan Torres as well as members of plaintiff organizations Mijente Support Committee and Organized Communities Against Deportations are

1

domiciled in Illinois, and citizens thereof. Plaintiff Mijente Support Committee is domiciled in Arizona and a citizen of Arizona thereof. Defendant LexisNexis Risk is domiciled in Georgia and a citizen thereof. Complete diversity exists between the Plaintiffs (as citizens of Illinois and Arizona) and Defendant (as a citizen of Georgia). Plaintiffs have attested that none of the Plaintiffs are citizens of Georgia.

  C. *Plaintiffs' Position*: This action challenges LexisNexis Risk's collection, aggregation and sale of Plaintiffs' data without consent or compensation. Plaintiffs bring claims under the Illinois' Consumer Fraud and Deceptive Business Practices Act (ICFA), which restricts unfair business practices that offend public policy, including the non-consensual collection and sale of consumer data. In addition, Plaintiffs bring claims under Illinois common law for intrusion upon seclusion and unjust enrichment, resulting from the capture and use of Plaintiffs' personal information, including non-public information, without consent and compensation.

  *Defendant's Position*: Plaintiffs assert causes of action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), unjust enrichment, and intrusion upon seclusion arising out of the Accurint products, which are offered by LexisNexis Risk's affiliate. Plaintiffs specifically challenge the collection and dissemination of publicly available records and commercially available information. Plaintiffs also seek declaratory relief for each cause of action. Defendant filed a motion to dismiss arguing that Plaintiffs have failed to state a claim under which relief may be granted for all causes of action (Dkt. 12, 13). Defendant argues that Plaintiffs cannot state a claim under the ICFA because Plaintiffs are not consumers of LexisNexis Risk, have not alleged any deceptive or unfair business practices by LexisNexis Risk, have not demonstrated any actual damages flowing from LexisNexis Risk, and that there is no statute or policy in Illinois requiring consent for the collection and dissemination of publicly or commercially available data. Defendant also notes its compliance with applicable federal regulations such as the Gramm-Leach-

Bliley Act and the Driver's Privacy Protection Act. Defendant challenges Plaintiffs' unjust enrichment claim because unjust enrichment is not a standalone cause of action, there is no direct transactional link between LexisNexis Risk and the Plaintiffs, Plaintiffs were not entitled to any benefit from any third-party, and LexisNexis Risk never engaged in wrongful conduct, such as statutory violations, with respect to the Plaintiffs. Defendant also argues that Plaintiffs cannot maintain an intrusion upon seclusion claim because the information at issue is not subject to a right of privacy, Plaintiffs do not allege any offensive prying into their physical boundaries, and LexisNexis Risk has complied with all applicable laws in creating its products.

      D.      Plaintiffs Maria Fernanda Castellanos Ramirez, Rosa Carrasco and Claudia Marchan Torres seek damages, injunctive relief, and declaratory relief. Plaintiffs Mijente Support Committee and Organized Communities Against Deportations only for the purposes of securing declaratory and injunctive relief. Plaintiffs state that their damages in this action cannot be calculated with accuracy until discovery ensues and they obtain information about the economic benefit conferred to Defendant from the collection of Plaintiffs' and other Illinoisans' sensitive personal information.

      E.      All parties have been served.

## II. Discovery and Pending Motions

      A.      On October 7, 2022, Defendant LexisNexis Risk filed a motion to dismiss the case for failure to state a claim. *See* ECF No. 13. Specifically, LexisNexis Risk argued that Plaintiffs' ICFA claim failed because Plaintiffs are not consumers of LexisNexis Risk, there are no allegations of deceptive or unfair business practices on behalf of LexisNexis Risk, and Plaintiffs have not shown actual damages. *See id.* at 4. Further, with respect to Plaintiffs' remaining common law claims, LexisNexis Risk emphasized that Plaintiffs failed to allege the basic elements necessary to bring those causes of action—including a failure to allege any direct transactional link between the Parties with respect to the unjust enrichment claim or allege any physical intrusion with respect to the

intrusion on seclusion claims. *See id.* at 9-11. On November 14, 2022, Plaintiffs filed their response in opposition to the motion to dismiss. ECF No. 31. Defendant LexisNexis Risk filed a reply brief to the motion to dismiss on Nov. 29, 2022. ECF No. 33. On June 27, 2023, this Court took the fully briefed motion to dismiss under advisement. ECF No. 43.

      B.    On November 16, 2022, Judge Rowland ordered the parties to serve initial disclosures by December 13, 2022, stayed all oral discovery and ESI discovery pending resolution of the motion to dismiss, and ordered that the parties could serve written discovery after January 30, 2023. ECF No. 32. No discovery deadline has been set.

      C.    On December 13, 2022, the Parties exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and this Court's November 16, 2022 Order. ECF No. 32. On February 1, 2023, Plaintiffs served their first set of requests for production and interrogatories on Defendant. On February 10, 2023, Defendant served its first set of requests for production on Plaintiffs. That same day, the Parties conferred via email and agreed to provide 30-day extensions on each set of responses. Defendant responded to the requests on April 3, 2023, and Plaintiffs responded on April 11, 2023. The Parties continue to review and evaluate the responses from the existing discovery requests and will confer if necessary to resolve any issues.

      D.    There have been no substantive rulings in this case. The Parties are awaiting a ruling on the pending motion to dismiss.

      E.    Plaintiffs anticipate filing a motion for summary judgment after the conclusion of discovery. Defendant anticipates moving for summary judgment if the case advances past the pleading stage.

### III. Trial

      A.    Plaintiffs made a jury demand in their complaint.

      B.    No trial date has been set. The Parties anticipate being ready for trial by Fall 2024.

C.      The Parties have not filed a final pretrial order.

D.      Parties anticipate trial will take approximately 1-2 weeks.

IV.     **Consent and Settlement Discussions**

A.      The parties have not engaged in any settlement discussions.

B.      This case has not been referred to the assigned Magistrate Judge for discovery supervision or a settlement conference.

C.      The Parties have met and conferred and do not believe that a settlement conference would be productive at this time.

D.      The parties have informed their clients of the possibility of proceeding before the magistrate judge, and the parties do not unanimously consent to moving forward with the magistrate judge.


Dated: June 30, 2023                                        Respectfully submitted,

| | |
|---|---|
| */s/ Dinesh McCoy* | */s/ Jeffrey L. Kessler* |
| Dinesh McCoy* | Jeffrey L. Kessler* |
| dinesh@justfutureslaw.org | Jeffrey J. Amato* |
| Daniel Werner* | Michelle D. Tuma* |
| daniel@justfutureslaw.org | WINSTON & STRAWN LLP |
| Sejal R. Zota* | 200 Park Avenue |
| sejal@justfutureslaw.org | New York, NY 10166-4193 |
| JUST FUTURES LAW | Telephone: (212) 294-6700 |
| 95 Washington Street, Suite 104-149 | Facsimile: (212) 294-4700 |
| Canton, MA 02021 | JKessler@winston.com |
| (617) 812-2822 | JAmato@winston.com |
| | MTuma@winston.com |
| *Admitted *pro hac vice* | |
| | *Admitted *pro hac vice* |
| Daniel Schneider | |
| dschneider@legalactionchicago.org | Sean G. Wieber |
| LEGAL ACTION CHICAGO | Thomas F. McAndrew |
| Attorney No. 100037 | WINSTON & STRAWN LLP |

120 S. LaSalle St., Suite 1000
Chicago, IL 60603
(312) 423-5941

J. Dominick Larry
nick@nicklarry.law
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669

*Attorneys for Maria Fernanda Castellanos Ramirez, Rosa Carrasco, Claudia Marchan Torres, Mijente Support Committee, and Organized Communities Against Deportations*

35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
SWieber@winston.com
TMcAndrew@winston.com

*Attorneys for LexisNexis Risk Solutions*